IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LARRY JONES                                                                                          PLAINTIFF

VS.                                         4:05CV01626JMM

NORTH POINT COLLISION CENTER                                              DEFENDANT

ORDER GRANTING SUMMARY JUDGMENT

Pending is Defendant's motion for summary judgment. (Docket # 57). The Court granted Plaintiff up to and including July 27, 2007 in which to respond, Plaintiff failed to file a response. For the reasons set forth herein, Defendant's motion is granted.

Facts

Plaintiff, Larry Jones, an African American male, was hired by Defendant, North Point Collision Center ("North Point") on August 6, 2001 as a Painter's Helper. Plaintiff was suspended on June 15, 2004 and terminated on July 17, 2004 by his supervisor, Matt Lamar, for use of company materials and company facilities without obtaining permission for a private paint job.

On June 15, 2004, Plaintiff was observed painting a Cadillac in Mr. David Sample's assigned paint booth at North Point. Mr. Samples asked the body shop manager, Matt Lamar, if Plaintiff had permission to do so. Mr. Lamar had not given permission to Plaintiff to use the facility for personal paint jobs. An investigation revealed that Plaintiff had used company paint and materials and the project was accomplished during a work day.

Plaintiff filed suit against North Point alleging that it discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 and the Arkansas Civil Rights Act when it suspended and terminated him. Specifically, Plaintiff

contends that the suspension and termination were retaliatory for Jones' persistence in requesting pay increases and seeking promotions. Defendant claims that it is entitled to summary judgment on Plaintiff's claims.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that

burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

In order to establish a prima facie case of race discrimination, Plaintiff must show he (1) was a member of a protected class, (2) was meeting the legitimate expectations of his employer; (3) suffered an adverse employment action, and (4) there are facts that permit an inference of discrimination based upon a protected class.  *Zhuang v. Datacard, Corp.,* 414 F.3d 849, 854(8th Cir. 2005). Because Plaintiff fails to present direct evidence of discrimination, the Court analyzes his claim under the *McDonnell Douglas* analytical framework[1].

Once a *prima facie* case is established, a rebuttable presumption of discrimination arises and the burden then shifts to the employer to articulate a legitimate nondiscriminatory business reason for its actions.  *McDonnell Douglas Corp.v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817 (1973).  Once such a reason is produced, "the presumption disappears and the [plaintiff] bears the burden of proving that the proffered reason was pretextual and the real reason for the termination was discrimination." *Thomas v. First Nat'l Bank,* 111 F.3d 64 (8th Cir. 1997).

It is undisputed that Plaintiff satisfies the first and third elements of his *prima facie* case.

---

[1] The elements of claims alleging disparate treatment on the basis of race under Title VII, the Arkansas Civil Rights Act and 42 U.S.C. § 1981 are identical.  *See, Henderson v. Simmons Foods, Inc.*   217 F. 3d 612 (8th Cir. 2000) and *Kim v. Nash Finch Co.,*123 F.3d 1046, 1063 (8th Cir. 1997)(quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 n. 1(1993)).

Defendant contends that Plaintiff cannot establish the second and fourth elements because he did not meet the legitimate expectations of his employer when he violated company policy by using company materials and facilities to perform private work during work hours without permission and there are no facts which permit an inference of discrimination based upon race. Alternatively, Defendant argues that it had a legitimate non-discriminatory reason for its actions and Plaintiff cannot establish that the reason for the suspension or termination was pretext for discrimination.

Plaintiff failed to respond to Defendant's motion for summary judgment. Under the local rules applicable to federal district courts in Arkansas, a party opposing a motion for summary judgment " shall file ... a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried." D. Ark. R. 56.1(b). If the opposing party fails to contest the facts described in the motion for summary judgment, those facts "shall be deemed admitted." *Id*. 56.1(c) Pursuant to the local rules, then, the facts as described in the Defendant's motion for summary judgment are the undisputed facts of this case. *Beavers v. Bretherick*, 2007 WL 1109940 (8th Cir. 2007).

The undisputed facts demonstrate that Plaintiff failed to make arrangements with his supervisor to pay for materials owned by the Defendant which were used as part of the preparation and painting of the subject vehicle; was using company facilities during company business hours for a private paint job; and company policy required advance permission to perform personal projects, such projects were not to be done during company hours and arrangements were to be made for the use of any company materials and supplies. Further, the undisputed facts reveal that following Plaintiff's termination it was discovered that Plaintiff failed to identify or otherwise reveal on his application for employment that he had prior

employment with Econo Painting from which he was terminated as a result of a theft allegation and he received $800.00 for the paint job of the Cadillac for which he was terminated. The affidavit of Mr. Lamar indicates that had he known of Plaintiff's prior termination for theft he would not have hired Plaintiff, had he learned of Plaintiff's misrepresentation on his application, he would have fired Plaintiff and the acceptance of payment for private work would have served as additional grounds for termination.

Plaintiff has failed to present any evidence demonstrating that he was meeting the legitimate expectations of his employer or which would permit the Court to infer discrimination based on race. Plaintiff has offered no evidence that similarly situated employees who were not a member of the protected class were treated differently for similar conduct. Finally, the Court finds that Defendant established a legitimate, non-discriminatory business reason for its actions in this case and Plaintiff has failed to produce evidence which demonstrates that the proferred reason for his termination was in fact pretext for racial discrimination.

Title VII makes it unlawful for an employer to discriminate against an employee for "oppos[ing] any practice made unlawful by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To prove a retaliation claim, Plaintiff must show (1) that he engaged in statutorily protected activity; (2) an adverse employment action was taken against him; and (3) a causal connection exists between the two events. *Rheineck v. Hutchinson Tech., Inc.*, 261 F.3d 751, 757 (8th Cir.2001). Defendant may rebut the Plaintiff's claim by advancing a legitimate, "non-retaliatory reason for the adverse employment action." *Id.* If the Defendant can show a legitimate reason, the Plaintiff must show that the given reason was only a

pretext for discrimination. *Id.* Plaintiff has failed to demonstrate a *prima facie* case of retaliation or pretext. Plaintiff has failed to offer any evidence that he was engaged in activities which are protected under Title VII or a causal connection between such activities and his termination. Further, Plaintiff has failed to present evidence demonstrating that the legitimate business reason set forth by Defendant for Plaintiff's termination was in fact pretext for discrimination.

For these reasons, Defendant's motion, docket # 57, is granted.

IT IS SO ORDERED this 17th day of August, 2007.

James M. Moody
United States District Judge